**Not For Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **HENRY JOHAN MEDRANO,** | |
| Petitioner, | Civil Action No. 17-5521 (ES) |
| v. | OPINION |
| **ERIC TAYLOR,** | |
| Respondent. | |

**SALAS, DISTRICT JUDGE**

Petitioner Henry Johan Medrano ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Correctional Facility in Kearny, New Jersey. On July 20, 2017, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pending removal. (D.E. No. 1, Petition ("Pet.")). For the reasons stated below, the Court will deny the Petition.

## I. BACKGROUND

Petitioner is a native and citizen of El Salvador, who has been in the United States since 2002. (Pet. ¶¶ 1, 2). On August 12, 2016, DHS issued a Notice to Appear that charged Petitioner as inadmissible pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. (D.E. No. 5, Respondent's Answer ("Answer"), Ex. B). On August 19, 2016, ICE took Petitioner into custody, at which time it determined that Petitioner was subject to discretionary detention under 8 U.S.C. §

1226(a).  (*Id.*, Ex. D).  Petitioner requested a bond hearing to review the custody determination, and after a hearing on November 15, 2016, an Immigration Judge ("IJ") denied his request for a change in custody status.  (*Id.*, Ex. E).  Petitioner had another bond hearing on February 21, 2017, where he was again denied bond.  (*Id.*, Ex. F).

On May 4, 2017, the IJ issued a decision finding Petitioner removable, but granting his application for Cancellation of Removal.  (*Id.*, Ex. G).  DHS appealed the IJ's decision, and on June 3, 2017, Petitioner received a third bond hearing during which the IJ denied bond.  (*Id.*, Ex. H).  On September 26, 2017, after Petitioner had filed the instant habeas Petition, the Board of Immigration Appeals ("BIA") issued a decision sustaining DHS's appeal and ordering Petitioner removed to El Salvador.  (*Id.*, Ex. I).  On October 20, 2017, Petitioner filed both a petition for review and a motion for a stay of removal with the United States Court of Appeals for the Second Circuit, which remain pending.  On January 19, 2018, Petitioner received a fourth bond hearing, at which the IJ denied his bond request.  (D.E. No. 6, Respondent's Supplemental Answer ("Supp. Answer")).

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-95, 500 (1973); and (2) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

**B. Analysis**

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

(a) Arrest, detention, and release

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

The Attorney General shall take into custody any alien who—

> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

*Id.* § 1226(c)(1).

"Post-removal-order" detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). During the removal period, "the Attorney General shall detain the alien." *Id.* § 1231(a)(2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

Here, it is clear that when he was first taken into custody in August 2016, Petitioner was being held under the discretionary detention provision of 8 U.S.C. § 1226(a).[1] (Answer, Ex. D). Respondent argues that when the BIA sustained DHS's appeal on September 27, 2017, and ordered him removed, his removal order became final and he was then subject to detention under § 1231.[2]

---

[1] Because Petitioner was never held pursuant to the mandatory detention statute, § 1226(c), the arguments in the Petition regarding a *Joseph* hearing are inapplicable to him. *See Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297, 301 (3d Cir. 2016)(A *Joseph* hearing is "the mechanism by which an alien who is mandatorily detained pending his removal proceedings is provided with the opportunity to offer evidence and legal authority on the question whether the Service has properly included him within a category that is subject to mandatory detention.") (internal citation omitted).

[2] Respondent acknowledges that pursuant to the Second Circuit's "forbearance policy," Petitioner cannot be removed until the court rules on his petition for review. (Answer at 2, n.3). However, Respondent argues that courts
5

Whether Petitioner is currently detained pursuant to § 1226(a) or § 1231, he is not entitled to habeas relief.

Accepting Respondent's argument that the Second Circuit's forbearance policy is not the equivalent of a stay, and therefore Petitioner has been detained pursuant to § 1231 since September 2017 when the BIA ordered his removal, he would not be entitled to habeas relief. Though the six-month presumptively reasonable detention period has now expired, as the Supreme Court emphasized, "[t]his 6–month presumption [ ] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. *Id.* Petitioner has not made such a showing here. He has provided no indication that his removal is not reasonably foreseeable and does not address this aspect of the *Zadvydas* holding at all. *Id.* ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Att'y Gen. of U.S.*, 160 F. App'x 258, 261 n. 2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted); *Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) ("Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and [petitioner] has failed to make that showing here.").

---

in this District have repeatedly held that the forbearance policy is not the equivalent of a formal stay and therefore § 1231 still governs detention. (*Id.*) (collecting cases). As discussed herein, it is unnecessary for the Court to address this argument as Petitioner is not entitled to relief under either statute.

Accordingly, assuming Petition is subject to a final order of removal and detained pursuant to § 1231, *Zadvydas* requires this Court to deny the Petition, as Petitioner has not alleged facts showing that his detention violates the Constitution, laws or treaties of the United States.

On the other hand, even if the Court were to find that Petitioner is not subject to a final order of removal, and therefore his detention continues to be governed by § 1226(a), Petitioner is still not entitled to habeas relief. As discussed above, individuals detained pursuant to the discretionary detention statute, § 1226(a), are entitled to a bond hearing. *See* 8 C.F.R. § 1003.19(c); *Garcia v. Green*, No. 16-0565, 2016 WL 1718102 (D.N.J. Apr. 29, 2016). However, despite his statement in his Petition to the contrary, Petitioner has already received four bond hearings before an immigration judge, and he does not allege that any of them were anything less than bona fide. *See Colon-Pena v. Rodriguez*, No. 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018) ("This Court is aware of no caselaw in this circuit which suggests that an alien who has already received a bond hearing under 8 U.S.C. § 1226(a) is entitled to release or a new bond hearing absent a showing that he was denied Due Process at his bond hearing or that his bond hearing was otherwise unlawfully conducted.") (citing *Garcia*, 2016 WL 1718102 at *3 (holding that a court can grant a new bond hearing to § 1226(a) detainee where the original hearing was conducted unlawfully or was not held at all, but cannot overrule denial of release after a bona fide hearing)); *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (same)).

While it is unclear because Petitioner does not even acknowledge any bond hearing occurred, the Court can only surmise that he is simply dissatisfied with the results of the hearings he has been given. This Court, however, does not have the power to second guess the discretionary decision of the IJ to deny Petitioner's release on bond. *See Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) (citing 8 U.S.C. 1226(e) ("The Attorney

7

General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole")); *see also Marroquin v. Green*, 2017 WL 4516467, at *2 (D.N.J. Oct. 6, 2017) (same); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004) (Greenaway, J.)).

Because Petitioner has received the only relief this Court can provide to him under § 1226(a) — a bond hearing before an immigration judge — the Court will deny his Petition.

## III. CONCLUSION

For the foregoing reasons, the Petition is denied *without prejudice*. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**